## SAWYER *v.* STATE TAX COMMISSION

Charles A. Phipps, The Dalles, argued the cause for plaintiff. Charles A. Phipps, The Dalles, and Phipps, Phipps & Dunn, The Dalles, submitted briefs for plaintiff.

Theodore W. de Looze, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for plaintiff rendered January 29, 1965.

PETER M. GUNNAR, Judge.

This is a suit to set aside defendant's Opinions and Orders Nos. VL 63-63 and VL 63-64, affirming the valuation of plaintiff's six lots in The Dalles made by the Wasco County Assessor and Board of Equalization as of January 1, 1962.

The only issue before the court is the land value of plaintiff's lots. The assessor assessed their combined true cash value at $36,000. Plaintiff seeks a reduction to $15,140.

During and at the conclusion of the trial, plaintiff moved to strike certain of defendant's testimony, and

this motion presents the only issue of public importance in this case.

Following common practice, the assessor adduced testimony of sales of property alleged to be comparable to the subject property. Some of these comparable sales were single sales of land and improvements combined. To determine the value of the land sold, the assessor and his witnesses abstracted from the sales price the purported true cash value of the improvements, leaving a residual land value. Plaintiff has moved to strike this testimony.

Assuming the correctness of the sales price, sales data of this nature constitutes little more than opinion evidence when it is sought to support the value of one element, land or improvements, when land and improvements are sold in a single sale. Obviously, the purchaser purchased both land and improvements for a single price. Unless it can be shown that he paid nothing for the improvements, or he and the seller actually divided the sales price between land and improvements, the determination of land value depends on the appraiser's opinion of the improvement value to be abstracted. It is not uncommon for the improvements to have no value to the purchaser, as in the instant case where plaintiff immediately destroyed the improvements upon the land which he purchased. On the other hand, when the improvements are a substantial value element, sales of land and improvements together do not reflect the value of the land as reliably as bare land sales or land sales where the improvements have no value.

■ Generally, mere opinions of value of other properties are not evidence of the subject property's value. On the other hand, actual recent sales of comparable property are the most reliable evidence of value, if

such sales are sufficiently numerous to establish a reliable market. The testimony here lies between these two extremes. Nonetheless, the technique of abstracting either land or improvement values for the purpose of dividing the purchase price in actual sales has been a long established appraisal technique. It cannot be ignored by this court as a recognized appraisal tool. Obviously, the necessary application of opinion in the process of abstracting renders such comparable sales of less value and less weight in the ultimate determination. But abstraction does not destroy their value entirely. Unless some error can be shown in the abstraction process, this court will consider such evidence for whatever it is worth, just as it will consider the elements of comparability in applying any comparable sale to the subject property.

Plaintiff's motion is denied.

Little is to be gained from an extensive review of the evidence adduced in this case. It is peculiar to this case. Suffice it to say that this court has considered all comparable sales offered by either party. It has compared all comparable sales to the subject property, recognizing the inherent problems in determining the value by the comparable sales approach. It has also considered all evidence adduced by the income approach and the resulting conflict in facts and theories.

During the trial of this cause, the court viewed the subject property before a fire destroyed the improvements. It also viewed all alleged comparable properties and the surrounding features affecting value. It has not treated these views as evidence, but merely as an aid in the understanding and interpretation of the evidence adduced at the trial.

After considering and weighing all the evidence, this court concludes that the true cash value of plaintiff's six lots at issue on January 1, 1962, was $30,000.

Pursuant to Rule 38, plaintiff's counsel shall prepare and submit a decree in accordance with this decision, setting aside defendant's Opinions and Orders Nos. VL 63-63 and VL 63-64, determining the true cash value of plaintiff's subject property on January 1, 1962, to be $30,000, and allowing costs to neither party.